UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-cv-192-RJC

| | |
|---|---|
| STEVEN GLENN JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>NC DEPT OF CORRECTIONS and )<br>PHILLIP REDMOND, Iredell County )<br>Sheriff, Custodians, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. No. 1).

Petitioner Steven Glenn Johnson ("Petitioner") filed his habeas petition under 28 U.S.C. § 2241 despite appearing to have been convicted in state court. (Doc. No. 1). He did not use any form and failed to plead the dates of any appeals he has taken or the grounds exhausted before those state courts. (Id.).

Rule 4 of the Rules Governing § 2254 Cases directs habeas courts to promptly examine habeas petitions. 28 U.S.C.A. foll. § 2254. Rule 1(b) allows courts to use the 2254 Rules in other habeas cases. When it plainly appears from any habeas petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

Because Petitioner's bare petition made it impossible for the Court to make this initial inquiry, the Court ordered Petitioner to amend his petition and complete this District's standard form for a habeas petition under section 2254. (Doc. No. 2). The Court also ordered Petitioner to update his address, if needed, and provide any prisoner number he may currently be assigned. (Id.). The Court warned Petitioner that his "failure to obey this Order will result in the dismissal

of this petition." (Id.). Petitioner failed to obey the Court's Order and has not filed anything since his December 2010 petition.

Therefore, the Court will **DISMISS** Petitioner's "Application for Writ of Habeas Corpus Pursuant to 28 USC 2241."

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Application for Writ of Habeas Corpus Pursuant to 28 USC 2241," (Doc. No. 1), is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge